UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| ROBERT S. VISINTINE, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 17-93-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Robert Visintine has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the imposition of disciplinary sanctions by prison officials. [D. E. No. 1] This matter is before the Court to conduct to initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In January 2016, a prison officer found an improvised knife – razor blades attached to a plastic hangar – inside a bag owned by Visintine in Visintine's cell. The officer therefore issued an Incident Report charging Visintine with possession of a weapon, a Code 104 offense. [D. E. No. 6-1 at 5]

Ten days later, a Disciplinary Hearing Officer ("DHO") convened a hearing on the charges. Visintine did not present witnesses or documentary evidence in his defense. Instead, he asserted that while he owned the bag in which the knife was

1

found, the knife itself did not belong to him and that he had never possessed it. He further stated that he had no history of violence while incarcerated, and that if he had wanted to possess a weapon, he would have made it out of steel and hidden it in the laundry where he worked instead of in his cell. [D. E. No. 6-1 at 1]

The DHO found Visintine guilty of the charge, noting that he acknowledged that the bag containing the knife belonged to him; that it was found in his cell; and that BOP regulations make him legally responsible for keeping his cell and his belongings free from contraband. The DHO imposed various sanctions, including the disallowance of 40 days of Good Conduct Time ("GCT"). [D. E. No. 6-1 at 3] Visintine appealed the disciplinary conviction and the penalty imposed on several grounds, but the BOP denied relief on March 31, 2017. [D. E. No. 6-1 at 6-10]

In his petition, Visintine argues that his due process rights were violated because there was insufficient evidence to support the conviction for possessing the weapon for two reasons. First, because the weapon was found in his cell, which he characterizes as a "common area," and not locked away inside his personal locker. [D. E. No. 1 at 5, 11-12] Second, because at the moment the weapon was found at 11:00 a.m., he was not physically holding the weapon, but was instead in the library. [D. E. No. 1 at 5, 9-10] He further argues that the use of "inaccurate and incomplete information" in finding him guilty violates a provision of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), (D). Finally, he argues that the forfeiture of 40 days of good

conduct time was impermissible under BOP regulations because it exceeded the amount of GCT he had earned at the time.[1] [D. E. No. 1 at 4, 5-6]

With respect to Visintine's arguments under the Due Process Clause, when a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013).

Visintine's challenges to the sufficiency of the evidence implicate only the last requirement. But when determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the

---

[1] Visintine makes passing reference to several other arguments, *i.e.*, that he did not threaten anyone; that no one was threatening him; and that the improvised knife did not constitute a "weapon." [D. E. No. 1 at 11-12] These arguments are without merit and do not warrant further discussion.

3

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Here, the improvised knife was found in a bag Visintine admitted belonged to him, and which was located in his cell. These facts more than satisfy the "some evidence" standard.

The fact that Visintine was not physically holding the weapon when it was found and that it was not contained in his personal locker do not establish that he did not "possess" it. BOP regulations expressly require every inmate to maintain his or her cell free of contraband. BOP Program Statement ("PS") 5270.09 Appx. C (Aug. 1, 2011). Accordingly, under functionally-indistinguishable facts courts have routinely found that weapons discovered in an inmate's cell are within his or her constructive possession, and have upheld the imposition of disciplinary sanctions. Cf. *Quinanilla v. O'Brien*, 127 F. App'x 887, 888-89 (7th Cir. 2005) (homemade knife found in petitioner's cell provided "some evidence" that he possessed weapon); *Perez v. Rios*, No. 7: 08-171-KKC, 2009 WL 499141, at *2 (E.D. Ky. Feb. 27, 2009) (same); *Kenner v. Martimer*, No. 7: 08-73-KKC, 2008 WL 2355832, at *3 (E.D. Ky. 2008) (same); *Sales v. Dewalt*, No. 5: 08-114-KKC, 2008 WL 1995135, at *2 (E.D. Ky. May 6, 2008). Nothing about the facts and circumstances of this case take it outside the scope of this well-established approach.

Visintine next invokes the civil remedy provisions of the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), (D), and suggests that somehow the BOP's records are not

"accurate." The cited provisions of the Privacy Act permit an aggrieved party to file a civil action if an agency "fails to maintain any record concerning any individual with [] accuracy, relevance, timeliness, and completeness ..."

But Visintine's reliance upon this provision is procedurally improper and factually unavailing. Procedurally, the Privacy Act permits the filing of a "civil action" seeking damages for a violation of its requirements. But habeas corpus proceedings are not "civil actions," they are original proceedings that are considered "civil in nature." Visintine may file a civil action for damages under the Privacy Act, but it does not appear that he can invoke § 552a(e)(5)'s accuracy requirements in this habeas proceeding as a defense to a disciplinary conviction. See *Locklear v. Holland*, 194 F. 3d 1313, 1999 WL 1000835, at *1 (6th Cir. 1999) (affirming dismissal of § 2241 petition challenging accuracy on inmate records); *Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 658 n.2 (D.C. Cir. 1996).

Factually, Visintine makes no effort to explain how the BOP's records are not "accurate." He does not allege that they include false or misleading statements of fact; at most he merely suggests that he disagrees with the DHO's **conclusion** that he possessed a weapon, a conclusion derived from the uncontroverted fact that a homemade knife was found inside a bag he owned and inside his cell. As noted above, those facts are not disputed by Visintine and are sufficient to uphold his disciplinary conviction. Even if Visintine could invoke the Privacy Act in this

5

habeas proceeding, his vague allegations fail to suggest a violation of § 552a(e)(5)'s accuracy requirements.

Third, Visintine contends that the DHO acted improperly by ordering 40 days GCT forfeit because at the time of the offense he had less than that amount of unvested GCT available to forfeit. This is so, he contends, because "[t]he amount of GCT available for forfeiture is limited to total days in 'non-vested' status at the time of misconduct (less previous forfeiture)." [D. E. No. 1 at 8-9, quoting PS 5270.09]

The guideline set forth in the Program Statement is consistent with the rule that inmates sentenced under the Sentencing Reform Act ("SRA") – those who committed their crimes on or after November 1, 1987 – may earn up to 54 days GCT for each year served. 18 U.S.C. 3624(b). That credit vests on the anniversary date at the end of each year actually served in prison. PS 5270.09 at pg. 13 ("An inmate sentenced under the [SRA] may not receive statutory good time, but is eligible to receive 54 days GCT credit each year. [] Once awarded, the credit is vested, and may not be disallowed.").[2]

---

[2] In July 1992, Visintine pled guilty to several counts of armed bank robbery and carrying a weapon during the commission of a crime of violence, and was sentenced to 408 months imprisonment. [D. E. No. 1 at 2]; *United States v. Visintine*, No. 1: 92-CR-85-MRB-1 (S.D. Ohio 1992); *United States v. Visintine*, No. 1: 92-CR-96-MRB-1 (S.D. Ohio 1992). Having been sentenced under the SRA, he earns GCT under Section 3624.

6

As a threshold matter, the DHO ordered 40 days GCT **disallowed**, not forfeit, and Visintine's statement to the contrary is incorrect. [D. E. No. 6-1 at 3] The two types of penalties levied against GCT are similar but distinct: forfeiture is backward-facing, applying to good conduct time that has already been earned in the past but is as-yet unvested; disallowance is forward-facing, applying to good conduct time that may be earned in the future and is also unvested. The limitations upon which Visintine relies apply to the forfeiture of GCT, which did not occur here.

The only limitation upon the disallowance of GCT is that "[o]nce awarded, the credit is vested, and may not be disallowed." PS 5270.09 at pg. 13. The Program Statement makes clear that GCT is not continuously awarded throughout the year on a daily, weekly, or monthly basis, but is instead earned throughout the year beginning on the anniversary date commencing when the prisoner began service of his sentence, and is awarded at the close of that year to the extent that it has not been forfeited or disallowed. Cf. PS 5270.09 at pg. 10 (describing an inmate's "current anniversary year" as "the 12-month period for which an inmate may be eligible to earn good conduct time [GCT]."). Thus, for the "Greatest Severity Level" offense committed by Visintine here, the DHO could impose various sanctions including "B.1. Disallow[ing] ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for [the] year (a good conduct time sanction may not be suspended)." *Id*. at pg. 45. Because the GCT at issue would not vest until Visintine's

7

next anniversary date, the DHO was within his authority to disallow it as part of the sanction for possessing a dangerous weapon in his cell.

Finally, it should be noted that Visintine appears to confuse the GCT he was earning with other forms of good time credits that he was not. For instance, Visintine quotes a portion of the Program Statement which states that "[t]he ***statutory good time*** available for forfeiture is limited to an amount computed by multiplying the months served at the time of the offense for which forfeiture is taken ..." [D. E. No. 1 at 9] (emphasis added). But he omits the language immediately following, which states "... by the applicable monthly rate specified in 18 U.S.C. 4161 (less previous forfeiture or withholding)." 18 U.S.C. §§ 4161-66 were repealed in November 1987, and are effective only with respect to "old law" inmates who committed their crimes before that date. Visintine committed his crimes nearly 15 years later, rendering this provision inapplicable to him. Visintine has never earned "statutory good time" credit under Section 4162; instead, he has earned GCT under Section 3624(b). Similarly, Visintine the rules applicable to "extra good time" do not apply, as this was not a form of credit available to or earned by Visintine.

Accordingly, **IT IS ORDERED** that:

1. Petitioner Robert Visintine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

8

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 28th day of March, 2018.



Signed By:
Henry R. Wilholt, Jr.
United States District Judge